13603

JEFFERSON STANDARD LIFE INSURANCE CO. v. McEACHIN

(168 S. E., 553)

September, 1931.

*Mr. P. H. McEachin,* for appellant,

*Messrs. McNeill & Oliver,* for respondent.

March 15, 1933.

The opinion of the Court was delivered by Mr. Justice Bonham.

This appeal presents an unusual feature. In this period when all mortgagors are seeking a moratorium against the foreclosure of mortgages, the appellant is complaining that respondent is making it hard for him to pay his mortgage debt.

It appears that appellant bought some real property upon which the respondent held a mortgage, the payment of which appellant assumed from July 16, 1927.

From January 22, 1928, up to and including January 22, 1931, he made payment of the semi-annual installments as they fell due, by checks on banks at Florence, S. C. The note and mortgage fell due June 22, 1931. Before that date, plaintiff offered to renew the debt if defendant would pay a renewal fee of $25.00. This defendant declined to pay, and arranged to borrow the money to pay off the debt, and wrote the plaintiff that if it would send the note and mortgage to the same bank at Florence where defendant had made the semi-annual payments since assuming the debt, it would be paid. Plaintiff insisted that the contract fixed the place of payment at Greensboro, N. C., and demanded payment in New York Exchange at that place.

This brought about a condition of stalemate between the parties. Plaintiff sent the papers to its attorneys at Florence for foreclosure.

It appears that defendant took the position that he should not be required to pay interest from the due date of the note and mortgage, and attorney's fees. It was stated in argument that counsel for plaintiff, before suit for foreclosure was begun, offered to forego the attorney's fees if defendant would pay the interest charge. This defendant declined to do, and the action for foreclosure was begun.

It appears that both parties to the controversy became somewhat stubborn; the plaintiff standing upon the letter of the contract, and defendant upon an alleged custom, waiver, and estoppel.

The matter was referred to the master, who took the testimony, upon which the case was heard by Judge Shipp, who, in due time, filed an order holding that the plaintiff had the right to stand on its contract and demand payment at Greensboro, and holding further that plaintiff was entitled to judgment of foreclosure.

It is from this order that the appeal comes to this Court.

We think the order of the Circuit Judge correctly disposes of the case. Let it be reported.

Accordingly, the appeal is dismissed, and the order appealed from is affirmed.

Mr. Chief Justice Blease, Mr. Justice Stabler and Mr. Acting Associate Justice G. B. Greene concur.